IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAMMARO PERKINS, #07580-025, )
)
        Petitioner, )
)
vs. ) Case No. 17-cv-1365-DRH
)
B. TRUE, )
)
        Respondent. )

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the U.S. Penitentiary at Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his sentence. Petitioner is serving a 180-month sentence for possession with intent to distribute crack cocaine and marijuana, possession of a firearm by a convicted felon, and possession of a firearm in furtherance of a drug-trafficking crime. *United States v. Perkins*, Case No. 05-cr-30137-DRH (S.D. Ill) *aff'd United States v. Perkins*, 548 F.3d 510 (7th Cir. 2008); *see also Perkins v. United States*, Case No. 10-cv-104-DRH (28 U.S.C. § 2255 proceeding); *Perkins v. United States*, No. 16-cv-1114-DRH (28 U.S.C. § 2241 proceeding).

Petitioner argues that his attorney was ineffective for failing to challenge the 851 enhancement based on a prior state court conviction for unlawful delivery of a controlled substance. (Doc. 1, p. 3). In support of this argument, Petitioner cites to *Mathis v. United States*, 136 S.Ct. 2243 (2016) for the proposition that his

1

previous Illinois drug convictions should not have counted as "controlled substances offenses" under the United States Sentencing Guidelines. *Id*. Petitioner requests resentencing without the enhancement. (Doc. 1, p. 4).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

## **Discussion**

Ordinarily, a prisoner may challenge his federal conviction or sentence only by means of a § 2255 motion brought before the sentencing court, and this remedy typically supersedes the writ of habeas corpus. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). In this case, Petitioner is clearly attacking his sentence. However, Petitioner argues that § 2255 is not available to him because *Mathis* was decided after his conviction, appeal, and the disposition of his § 2255 Petition.[1] It is also not a case recognizing a new constitutional right pursuant to § 2255(f)(3).

---

[1] Interestingly, *Mathis* was decided prior to Petitioner's last § 2241 Petition, No. 16-cv-1114-DRH, raising the question of why he did not address the issue at that time.

2

The "savings clause" under § 2255(e) allows a federal prisoner to file a petition under § 2241, if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e). In considering what it means to be "inadequate or ineffective," the Seventh Circuit has held that a federal prisoner should be permitted to seek relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). A federal prisoner must meet 3 criteria in order to invoke the Savings Clause and obtain collateral relief pursuant to § 2241. First, a prisoner "must show that he relies on a [new] statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted).

Here, Petitioner's reliance on *Mathis* is misplaced. Petitioner's position was foreclosed by a recent Seventh Circuit decision. Specifically, that court found that 720 ILCS 570/401 does not criminalize conduct that substantially differs from the conduct described in § 4B1.2, and that it is frivolous to argue that resentencing is justified because the sentencing court considered an Illinois controlled substance offense for the purposes of applying the career offender in enhancement. *United*

States v. Redden, 875 F.3d 374, 374-75 (7th Cir. 2017). As the argument is frivolous, Petitioner's counsel could not have been ineffective for failing to raise it. Moreover, because Petitioner has not raised a valid application of *Mathis*, he has not triggered the savings clause. Accordingly, the Petition will be dismissed with prejudice.

### Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.01.22
15:29:42 -06'00'

**United States District Judge**