**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DAMMARO D. PERKINS,** | ) | |
| | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 17-cv-1365-DRH** |
| | ) | |
| **B. TRUE** | ) | |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

This cause is before the Court on petitioner's motion for leave to proceed *in forma pauperis*. (doc. 11). The Court dismissed this case with prejudice on January 22, 2018. (doc. 3). Petitioner filed his notice of appeal on February 14, 2018. (doc. 6). For the following reasons, petitioner' Motion to Proceed IFP is **DENIED**.

**Motion to Appeal IFP**

The Court finds that petitioner has not demonstrated that he is entitled to appeal IFP. Pursuant to 28 U.S.C. § 1915, an indigent party may bring an appeal, without payment of the usual fees, upon submission of an affidavit asserting that the indigent party "is unable to pay such fees or give security therefor" and stating "the nature of the . . . appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Rule 24 of the Federal Rules of Appellate Procedure provides that a party to an action in federal district court who desires

1

to appeal IFP must first file a motion in the district court requesting leave to appeal without payment of fees and costs. *See* Fed. R. App. P. 24(a)(1). The motion must be supported by an affidavit that: (1) shows the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal. *See id*. An appeal may not be taken IFP if the district court certifies in writing that the appeal is not taken in good faith. *See* 28 U.S.C.§ 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 444 (1962). An appeal is in good faith if it raises legal points that are reasonably arguable on their merits. *See Neitzke v. Williams*, 490 U.S.319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738, 744 (1967)). To appeal in bad faith, on the other hand, means to appeal "on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

The Court will not address the question of whether petitioner is indigent because petitioner's appeal is not taken in good faith. Petitioner's Notice of Appeal states only that petitioner "appeals the Judgment in a habeas corpus action." (doc. 6, p. 1). Likewise, petitioner's motion to appeal IFP identifies his issues on appeal as "denial of 1/22/2018 28 USC 2241 Motion." (doc. 11, p. 1). Petitioner has not articulated any entitlement to relief or identified the issue that he intends to present on appeal. Thus his motion fails to meet the criteria set out in Fed. R. App. P. 24(a)(1). As petitioner has failed to set out a reasonably arguable legal position, the Court presumes that the appeal is taken in bad faith.

Accordingly, the Court denies petitioner's request for leave to proceed IFP on appeal and certifies that his appeal is not taken in good faith. However, the Court reminds petitioner that, by filing his notice of appeal, he has incurred the obligation to pay the $505 appellate filing and docketing fee in full. *See Evans v. Illinois Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998); *Newlin v. Helman*, 123 F.3d 429, 434-35 (7th Cir. 1997), *overruled on other grounds by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000).

## Disposition

Petitioner's Motion for leave to proceed IFP on appeal (doc. 11) is **DENIED**. Pursuant to 28 U.S.C. § 1915(a)(3), the Court **CERTIFIES** that petitioner's appeal in this case is not taken in good faith. Petitioner shall tender the appellate filing and docketing fee of $505 to the Clerk of Court in this District within thirty-five (35) days from the date of entry of this Order, or petitioner may reapply to the United States Court of Appeals for the Seventh Circuit for leave to proceed IFP on appeal. *See* FED. R. APP. P. 24(a).

**IT IS SO ORDERED.**

Judge Herndon
2018.03.09
15:12:38 -06'00'

**United States District Judge**

3